UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK DAVID JOHNSON,<br><br>Defendants. | No. CR05- 5194RBL<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS EVIDENCE, REVEAL CONFIDENTIAL INFORMANT IDENTITY, AND REQUEST FRANKS HEARING. |

This matter is before the Court on Defendant's Motions to Suppress Evidence, Disclose Identity of Confidential Informant (CI), and Request Franks Hearing. [Dkts. # 20 & 21] The Court has reviewed the motions and all pleadings in support or opposition.

**Background**

On November 24, 2004 officers from the Camas Police Department and the Clark-Skamania Drug Task force conducted a search on a house located at 10413 NE Burton Road, Vancouver, Washington, and certain vehicles associated with the residents of that address. The search was executed pursuant to state warrant issued on a finding of probable cause. Probable cause was deemed established by facts contained in the affidavit of City of Camas police officer, David E. Chaney. During the search, the defendant was discovered alone in bed in the NW bedroom of the home. At the time of discovery, the defendant was dressed only in flannel pajama bottoms. In addition to discovering the defendant, the police also recovered numerous items of evidence from the NW bedroom. These items included documents bearing the defendant's name, $2,483 in cash, three scales, chemicals and paraphernalia associated with meth labs, approximately 14 ounces of methamphetamine (primarily located in a safe), approximately one

ORDER

ounce of a substance suspected as heroin, marijuana and assorted pills.  Also, from next to the bed in the NW bedroom, police recovered a loaded Llama .45 caliber pistol found on top of a small refrigerator, and a safe containing a loaded AA Arms 9mm pistol.  Eight boxes of additional ammunition of various calibers and thirty-one knives (five of which were illegal for anyone to possess) were also recovered from the NW bedroom.  The defendant was indicted on one count of Felon in Possession of a Firearm, two counts of Possession with Intent to Distribute and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense.

## ANALYSIS

The defendant moves for a Franks Hearing and to have the evidence that was recovered from the search suppressed on the bases that the search warrant was issued without probable cause and reliance on the search warrant was objectively unreasonable.  In support of these arguments, the defendant relies on a facial lack of probable cause to issue the warrant, as well as several alleged deficiencies and knowing or reckless falsities contained in the warrant's supporting affidavit.  In a separate motion, the defendant moves for disclosure of the identity of a confidential informant who provided some of the information contained in the supporting affidavit.

**A) Franks Hearing**

The purpose of a Franks Hearing is to determine whether an affidavit in support of a search warrant contains deliberate or recklessly false statements, without which probable cause would not have existed. *See Franks v. Delaware*, 438 U.S. 154, 156 (1978).  A defendant is entitled to a Franks Hearing if they satisfy the requirements of a five prong test: (1) The defendant must make specific allegations of false statements contained in an affidavit underlaying the issuance of a warrant; (2) which the defendant asserts are deliberate or else in reckless disregard of the truth; (3) supported by detailed offers of proof; (4) that challenge the truthfulness of the affiant (not the affiant's source); and (5) show probable cause can not exist absent the challenged statements.  *See United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983) (citations omitted); *and see also United States v. Reeves*, 210 F.3d 1041 (9th Cir. 1998).  The defendant's argument falls short of satisfying this test.

    **1. Specific allegations of deliberate or recklessly false statements.**

The Court deems the defendant has met the first two prongs of the test.  The defendant alleges the government tried to create evidence to support allegations contained in the supporting affidavit.

ORDER

Specifically the defendant alleges that the government made-up evidence, or else included alleged facts with a reckless disregard for their truth, when it stated in the supporting affidavit that the defendant previously lived with Wesley Razo (a co-defendant).

### 2. Offer of detailed proof and its relationship to the affiant's veracity.

The defendant is less successful in terms of the test's third and fourth prongs. To prove the first alleged act, that the government either falsely stated facts or recklessly disregarded the truth when it asserted the defendant had previously lived with Wesley Razo, the defendant offers a sworn declaration by the defendant's mother. This declaration contains the assertions that the defendant has lived only with his mother or sister, and the defendant has never listed his address as other than one of the addresses he shared with his mother or sister. The government offers a response that draws heavily on semantic interpretations. It claims that the affidavit [Dkt. #26] states the defendant and Wessly Razo "have shared addresses in common," and a reading of the affidavit shows this is the correct wording. However, the Court need not decide to what extent the phrases "lived with" and "shared addresses in common" carry different connotations, although there is surely a distinction to be made. It is enough that even with the mother's declaration, the defendant has fallen short of his burden to show either deliberate falsity or reckless disregard for the truth. In making the statement that the defendant and Wesley Razo previously shared a common address, the affiant relied on the contents of filed police reports. To the extent that the information in those reports is inaccurate, it does not go to the veracity of the affiant. Neither does the reliance on information contained in police reports denote reckless disregard for the truth. To argue otherwise is to suggest the affiant should have known the information contained in an official police report was inaccurate, yet he chose to act with disregard of that knowledge. The defendant has made no offer of proof to this effect.

### 3. Probable cause and the good faith exception.

Even when a showing of falsity is made, to obtain a Franks Hearing, the falsity must be significant enough that, absent the false statements, probable cause would no longer exist for the issuance of the warrant. In the instant case, the defendant argues that the warrant is facially invalid because there were insufficient facts contained in the underlying affidavit to establish probable cause. Probable cause exists where, based on a totality of the circumstances, the magistrate makes a determination that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v.*

ORDER

*Mendonsa*, 989 F.2d 366, 368 (9th Cir. 1993) (*quoting Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  Here the affiant received reports from a CI of proven reliability that the CI had purchased illegal drugs within the past seventy-two hours at the house for which the warrant was issued.  The CI also provided the affiant with a name which matched the middle name of the defendant, and a description which comported with the physical characteristics of the defendant.  Some of this information was corroborated by the affiant conducting a drive-by with the CI to visually confirm the location of the drug sell.  During this drive-by, the affiant observed a vehicle registered to the defendant parked at the home listed in the warrant.

Admittedly, the drive-by corroborations go to innocent facts of identity and location.  However, assuming arguendo that additional corroboration is necessary to act on information provided by a reliable CI, the reliability of the CI's report is further bolstered by two independent, anonymous tips that had been received sometime earlier.  These tips alleged illegal drug sells were occurring at the same home identified in the CI's report.  One of these tips also alleged specific facts as to the type of drug sold and the identities of individuals living at the home that substantially comported with the CI's report.  These independent corroborations of the type of illegal activity reported by the CI, its location, and the inhabitants of that location when taken with the CI's proven reliability were a sufficient basis for the magistrate to find probable cause that drugs or drug dealing evidence were likely to be found at the home for which the warrant was issued.  *See United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991).  Therefore, the Court finds the warrant in this case was valid.  Having found the warrant valid, the Court need not address the issue of good faith exceptions to the warrant requirment.  Accordingly, the defendant's motion for a Franks Hearing is denied.

**B) Suppression of Evidence**.

For reasons stated above, the Court finds the evidence seized pursuant to the warrant at issue in this case was obtained in the course of a legal search.  Therefore, the Court denies the defendant's request to suppress the evidence.

**C) Disclosure of the Confidential Informant's Identity.**

In a separate motion, the defendant moves for the disclosure of the CI's identity, or, in the alternative, the defendant requests the Court conduct an *in camera* hearing for the purpose of questioning the CI.  Disclosure of a CI's identity is not required unless it is relevant and helpful to the defendant's

ORDER

defense or otherwise essential to secure a fair trial. *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *and see also United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000). In the instant case, the defendant argues that disclosure of the CI is necessary in order to "know what description the informant actually gave...Officer Chaney," of the individual from whom the CI purchased illegal drugs. [Dkt. # 20] The defendant speculates that questioning of the CI will show that the person described by the CI was in fact the defendant's father. Mere speculation is not sufficient to overcome the government's limited privilege to withhold disclosure. *See United States v. Trejo-Zambrano*, 582 F.2d 460, 466 (9th Cir. 1978). More to the point, it is inconceivable how this information could assist the defense, because none of the offenses with which the defendant is charged are based on his engaging in drug transactions with the CI. At best, the defendant might use the sought after information to challenge the existence of probable cause for the issuance of the warrant. However, a defendant is not entitled to disclosure of a CI's identity solely for the purposes of determining probable cause. *See McCray v. Illinois*, 386 U.S. 300, 311-313 (1967); *and see also United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). As such, the Court finds the defendant has failed to meet his burden of demonstrating a need for disclosure of the CI's identity or an *in camera* hearing on this issue. Therefore, it is hereby

    1. ORDERED that the Defendant's Motion Requesting a Franks Hearing [Dkt. # 21] is DENIED.

    2. ORDERED that the Defendant's Motion to Suppress Evidence [Dkt. # 21] is DENIED.

    3. ORDERED that the Defendant's Motion to Reveal Identity of Informant [Dkt. #20] is DENIED.

DATED this 29th day of July, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER